# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

The Union Central Life
Insurance Company,                                    Case No. C-1-09-747
       Plaintiff                              (Dlott, J)
                                                     (Wehrman, M.J.)
  vs

Paul Arnold,                                          **REPORT AND**
       Defendant                             **RECOMMENDATION**

      This matter is before the Court on Plaintiff's Motion for Dismissal of Complaint With Prejudice (Doc. 15).  To date, Defendant has filed no response to said motion.  Plaintiff represents that Defendant recently obtained a discharge pursuant to Section 727 of the Bankruptcy Code.  (*See* Doc. 15, Ex. A, Discharge of Joint Debtors, attached).  Defendant's debt to Plaintiff, therefore, has been extinguished.  (Doc. 15).  For this reason, Plaintiff requests that the Court dismiss its Complaint with prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

      Fed.R.Civ.P. 41(a)(2) provides in pertinent part:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . .  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

      Accordingly, for the reasons stated above, we find that Plaintiff's motion should be granted.

### IT IS THEREFORE RECOMMENDED THAT:

1)    Plaintiff's Motion for Dismissal of Complaint With Prejudice (Doc. 15) be GRANTED;

2)    Plaintiff's Complaint be DISMISSED WITH PREJUDICE and this case be TERMINATED upon the Court's docket.

Date:   October 15, 2010          s/ J. Gregory Wehrman
                                                J. Gregory Wehrman
                                                United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING THE FILING
OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

C:\Documents and Settings\tammy\Local Settings\Temp\notes097731\Arnold.dism.wpd